## NATIONAL LABOR RELATIONS BOARD v. WHITE CONSTRUCTION & ENGINEERING CO., Inc.

No. 14137.

United States Court of Appeals Fifth Circuit.

June 5, 1953.

Rehearing Denied Aug. 14, 1953.

12. See footnote 4.

Bernard Dunau, A. Norman Somers, Asst. General Counsel, David P. Findling, Assoc. General Counsel, George J. Bott, General Counsel, and Ruth V. Reel, Washington, D. C., for petitioner.

J. Tom Watson, Tampa, Fla., for respondent.

Before BORAH, RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This is a petition to enforce an order of the National Labor Relations Board, issued January 17, 1952, requiring respondent to bargain with a named union as the accredited representative of respondent's fabricating shop employees.

The Board found that respondent's refusal to deal with said union, which had been certified by the Board, constituted an unfair labor practice under section 8(a) (5) and (1) of the Act, 29 U.S.C.A. § 158 (5) and (1). Respondent resists enforcement, and seeks a summary decree in its behalf, for the reasons hereafter discussed.

Respondent, White Construction and Engineering Co., carries on a general construction business in Florida. During the twelve month period ending April 28, 1950, it purchased building materials which cost $170,441.65, of which $81,314.52 was purchased outside the State of Florida and shipped to it within that state. During the same period, respondent received approximately $150,000 of a gross income of $352,000 from customers engaged in interstate commerce for whom respondent performed services and to whom it made sales.

Proceeding under section 9(c)(1) of the Act, a labor union petitioned, in April, 1950, for an election amongst the employees of respondent's fabricating shop to select a collective bargaining representative. The Board ordered an election, which was held on December 8, 1950. The peti-

tioning union was selected, but respondent declined to recognize it, filing with the Board objections to the election. After hearing respondent, the Board overruled these objections on June 21, 1951, and certified the union as bargaining representative.

Respondent still refused to recognize the union, and on July 9, 1951, the union filed against respondent a charge of unfair labor practices because of such refusal. The Board on July 16, 1951, filed a complaint based upon this charge, which was sustained on January 17, 1952, and respondent ordered to bargain with the complaining union. That is the order here under review.

Respondent questions the Board's jurisdiction to issue both the certification and the bargaining order, upon the ground that respondent's activities are purely local and do not affect interstate commerce.

It is now well settled that imports into a state, as well as exports from it, constitute interstate commerce within the meaning of the National Labor Relations Act, 29 U.S.C.A. § 152(6, 7). If the flow of commerce is obstructed by labor disputes, it makes no difference in principle whether the interference is with the inward or outward flow of goods. Commerce is affected in either case. As respondent imported from other states almost fifty per cent of all materials used by it during the year ending April 28, 1950, valued at $81,314.52, and since for the same period it received approximately $150,000, almost fifty per cent of its gross income, from sales and services to customers engaged in interstate commerce, its business is subject to the Act and the Board has jurisdiction of the matter in controversy. Collins Baking Co. v. N. L. R. B., 5 Cir., 193 F.2d 483; N. L. R. B. v. Denver Building & Trades Council, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284; N. L. R. B. v. Mid-Co Gasoline Co., 5 Cir., 183 F.2d 451.

Respondent also objects to the election on the ground that the Board did not select an appropriate bargaining unit in which to hold an election. Pursuant to section 9 (b) of the Act, the Board designated as a bargaining unit all employees of respondent's fabricating shop, excluding six field men, guards, professional employees, and supervisors. Respondent's principal objection in this respect is the exclusion of the six field men. The Board found that the field men, whose work was under different supervision and working conditions, lacked sufficient community of interest with the shop employees to be included in the same bargaining unit.

The Board's determination of the appropriate bargaining unit involves a large measure of administrative discretion, which will not be disturbed unless abused. Packard Motor Car Co. v. N. L. R. B., 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040; Pittsburg Plate Glass Co. v. N. L. R. B., 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251; May Dept. Stores Co. v. N. L. R. B., 326 U.S. 376, 66 S.Ct. 203, 90 L.Ed. 145; N. L. R. B. v. Jones & Laughlin Steel Corp., 331 U.S. 416, 67 S.Ct. 1274, 91 L.Ed. 1575. We find no abuse here.

Respondent next asserts that the complaint filed against it by the Board on July 16, 1951, is barred because the unfair labor practice charge upon which it is based was filed July 9, 1951, more than six months after the unfair labor practice complained of, contrary to the provisions of section 10(b) of the Act, as amended, 29 U.S.C.A. § 160(b).

Respondent originally declined to recognize the union on December 8, 1950, immediately after the election, which was more than six months before the charge was filed. But it persisted in that refusal down to within eleven days of the filing of the complaint. As late as June 26, 1951, and again on July 5, 1951, respondent not merely failed, but specifically refused, to bargain with the designated union. The complaint, based on these refusals, was filed July 16, 1951.[1] Respondent's duty to deal

---

1. The basis of the complaint was, in part: "On or about June 25, 1951, and thereafter, the Employer refused to bargain collectively with the undersigned union, a labor organization chosen by a majority of its employees." (Italics supplied.)

with the certified union was a continuing one. Since its refusal continued well into the six month period immediately preceding the filing of the charge, the Board correctly held that the complaint was timely filed. N. L. R. B. v. Mexia Textile Mills, 339 U.S. 563, 70 S.Ct. 826, 94 L.Ed. 1067. See also N. L. R. B. v. Gaynor News Co., 2 Cir., 197 F.2d 719, 722; N. L. R. B. v. United Hoisting Co., 3 Cir., 198 F.2d 465, 468; Katz v. N. L. R. B., 9 Cir., 196 F.2d 411. The facts here differ in principle from those in N. L. R. B. v. Pennwoven, Inc., 3 Cir., 194 F.2d 521.

The respondent asserts that the union no longer represents a majority of respondent's fabricating shop employees, having lost its majority status since the election. But this does not excuse the respondent from its duty to bargain with the duly certified representative. The respondent can not decide for itself whether a duly certified union has lost its bargaining status by reason of a failure to retain a majority representation, and deciding that it has, refuse to deal with it further. A bargaining relationship once rightfully established must be permitted to function for a reasonable period, after which the Board, in recognition of changed conditions, may take steps to change it. Until the Board acts, however, the existing certified representative must be dealt with as such. N. L. R. B. v. Mexia Textile Mills, 339 U.S. 563, 70 S.Ct. 826, 94 L.Ed. 1067; Franks Bros. Co. v. N. L. R. B., 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020; N. L. R. B. v. Sanson Hosiery Mills, 5 Cir., 195 F.2d 350; N. L. R. B. v. Mayer, 5 Cir., 196 F. 2d 286. The controlling principles here differ from those in N. L. R. B. v. Aldora Mills, 5 Cir., 197 F.2d 265.

Respondent further contends that the Board lacks jurisdiction because no evidence was presented at the representation hearing, held September 26, 1950, that the petitioning union represents a substantial number of employees in the proposed unit. But the Board's authority to conduct an investigation under section 9(c) of the Act, is not dependent upon such a showing. The preliminary investigation usually made, and the Board's requirement that a petitioning union show that it represents a substantial number of employees in the bargaining unit, are for administrative purposes, to enable the Board to screen out petitions with little or no prospect of success. Such a showing is not a jurisdictional prerequisite. N. L. R. B. v. J. I. Case Co., 9 Cir., 201 F.2d 597.

Respondent next contends that because the union's business agent is demanding a "union shop" agreement with the employer which has the effect of requiring respondent's employees to eventually join the union, the whole proceeding violates the spirit of the "Right to Work" provisions of section 12 of the Declaration of Rights of the Florida State Constitution, F.S.A., adopted November 7, 1944. The section in effect provides that the right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union. In this connection respondent points to section 14(b) of the Act, 29 U.S. C.A. § 164(b), which provides that "Nothing in this subchapter shall be construed as authorizing the execution or application of agreements requiring membership in a labor organization as a condition of employment in any State or Territory in which such execution or application is prohibited by State or Territorial law."

Even if this provision is applicable here, and pretermitting the fact that the question is raised by an employer and not by an employee whose right to work would be affected, there is nothing in either of these provisions which relieves respondent of its duty to bargain with the duly accredited bargaining representative. These matters, if relevant at all, would pertain only to the kind of contract to be negotiated. It is the employer's duty to negotiate in good faith, even though the parties are unable to agree on a contract, N. L. R. B. v. American Nat'l. Ins. Co., 343 U.S. 395, 72 S.Ct. 824, 96 L.Ed. 1027; N. L. R. B. v. Mayer, 5 Cir., 196 F.2d 286.

The motion to dismiss the Board's petition, and for a summary decree in favor of the respondent, is denied. The Board's petition to enforce its order is granted.

Enforced.