**NATIONAL LABOR RELATIONS BOARD**

v.

**SMYTHE et al.**

No. 14737.

United States Court of Appeals
Fifth Circuit.
May 6, 1954.

A. Norman Somers, Asst. Gen. Counsel, N. L. R. B., David P. Findling, Assoc. Gen. Counsel, N. L. R. B., Louis Schwartz, Atty., N. L. R. B., George J. Bott, General Counsel, John C. Rohrbaugh, Attorneys, N. L. R. B., Washington, D. C., for petitioner.

M. U. S. Kjorlaug, Houston, Tex., Boyles & Billingsley, Houston, Tex., for respondent.

Before BORAH and RUSSELL, Circuit Judges, and DAWKINS, District Judge.

RUSSELL, Circuit Judge.

This is a petition to enforce an order of the National Labor Relations Board requiring respondent to bargain collectively with Oil Workers International Union, C.I.O., herein referred to as the Union, as the exclusive representative of its employees in the following unit:

"All petroleum inspectors of respondent's Houston District operations at Houston, Freeport, and Texas City, Texas, also known as Stations Nos. 23, 24 and 25, respec-

tively, excluding all other employees and supervisors as defined in the Act."

Respondent does not deny that it refused to bargain with the Union as the exclusive representative of the described unit and, in effect, concedes that its refusal to do so violated sections 8(a)(1) and (5) of the National Labor Relations Act, as amended,[1] if the certified unit is an appropriate unit for collective bargaining purposes within the meaning of section 9(b)[2] of the Act. However, in opposition to the enforcement of the order, respondent urges that the certified unit does not constitute an appropriate unit for collective bargaining and the determination of the Board to the contrary is based solely upon the extent to which its employees had organized, in violation of section 9(c)(5) of the Act.[3] The impetus of respondent's argument is that under the evidence the Board was not justified in determining that a comparatively small segment of its inspectors constituted an appropriate bargaining unit when, in the opinion of the respondent, a broader unit, including all of the petroleum inspectors in its Gulf Coast Division, would constitute an appropriate unit for that purpose.

The evidence shows that respondent is a partnership with its main office in Elizabeth, New Jersey. It is engaged in the business of inspecting petroleum products and the conveyances used to transport them to ascertain the quantity and quality of the product and the suitability of the conveyance, usually a ship or barge, to carry the particular grade of petroleum. To perform this service it employs inspectors at various places throughout the world, including a number of port cities within the United States where it maintains offices. Within the United States, the respondent operates what it has classified as the Atlantic, Pacific and the Gulf Coast Divi-

sions. The Gulf Coast Division, which is involved here, extends geographically from Brownsville, Texas, to Jacksonville, Florida, and includes offices located at Brownsville, Corpus Christi, Freeport, Texas City, Houston and Port Arthur, Texas; Lake Charles, Baton Rouge and New Orleans, Louisiana; Jacksonville, Florida, and Tampico, Mexico. Generally, each of these offices is under the management, or supervision, of an appointed employee who has limited authority to deal with local problems. They are all under the supervision of a divisional general manager.

There are approximately 46 inspectors employed in the various offices within the Gulf Coast Division, 16 of whom are employed at Houston, Freeport and Texas City. The inspectors usually work within the confines of the territory encompassed by their respective offices, although on occasions they are required to travel to more distant points. Interchange of personnel and inter-office transfers are infrequent. Of the three offices included in the approved unit, Houston is the largest. Most of the assignments for work at Freeport and Texas City come through the Houston office because that office has a teletype and the other two do not. H. H. Carpenter, the manager of the Houston office, causes to be prepared and circulated among respondent's customers a current list of the names, addresses and telephone numbers of the inspectors located at Houston, Freeport and Texas City. This list is captioned "Houston District Personnel" and at its foot there is inserted a notation to the effect that all correspondence regarding "our inspection service" should be directed to the "Houston District Office."

In determining the appropriateness of the approved unit, the Board recognized that a broader unit would not be inappropriate, but giving consideration to the

---

1. 29 U.S.C.A. § 158(a) (1) and 5.

2. 29 U.S.C.A. § 159(b).

3. 29 U.S.C.A. § 159(c) (5). "In determining whether a unit is appropriate for the

purposes specified in subsection (b) of this section the extent to which the employees have organized shall not be controlling."

geographical area involved and its remoteness to the other offices; the infrequent transfers of personnel in and out of the Houston District, "which functions for certain purposes as an administrative subdivision"; the absence of any history of collective bargaining on a broader basis and the fact that no labor organization is seeking to represent the employees on a division-wide basis, the Board adhered to its determination that the smaller unit was appropriate for collective bargaining.

In support of its contention that the determination of the Board was arbitrary, respondent argues that the work of all of the inspectors in its Gulf Coast Division and the conditions and terms of their employment are identical, therefore, to carve out of this closely integrated group a smaller unit is without rational basis and demonstrates that the unit determination was based solely upon the extent to which its inspectors had been organized. It attacks the finding of the Board that for certain purposes the Houston District Office functions as an administrative subdivision and urges that approval of the smaller unit precludes the large majority of its inspectors from the right to bargain collectively and the benefits thereof.

Considering these contentions in inverse order, we refer to the claim that those inspectors who are not included in the designated unit will be deprived of the benefits of the Act. Obviously, this contention is without merit. The election of the majority of one group or unit of employees in no way affects the rights and privileges of another group of employees who are otherwise entitled to the benefits of the Act whether such employees have similar interest or not. The right of self-organization for collective bargain purposes is not made dependent upon what other groups of employees elect to do, but is an individual right to be exercised by each employee, although limited to a substantial degree by the will of the majority of any specific group or unit.

■ It is true that similarity of duties and working conditions are factors which are proper for consideration in the determination of an appropriate bargaining unit, however, mutuality of interests is by no means the "primary and controlling" test to be applied. Where, as here, the employees engaged in similar pursuits are widely separated from each other geographically, and are under local supervision, a determination of the Board of a unit comprised of only those employees who work within a comparatively small geographical area neither excludes the remaining employees from the benefits of the Act nor offends the statute [4] which authorizes the Board to establish an appropriate unit based upon "employer unit, craft unit, plant unit, or subdivision thereof."

■ Respondent argues that the finding of the Board that the designated unit functions for some purposes as an administrative district or subdivision and that the inspectors in the approved unit constitute "an identifiable, homogeneous group of employees" are conclusions unsupported by substantial evidence. The listing of the inspectors who work out of the Houston, Freeport and Texas City offices under the heading of "Houston District Personnel", the reference to the "Houston District Office" and the fact that for practical reasons the Houston office is used as a conduit for relaying messages to the Freeport and Texas City offices do not establish unerringly that those three offices operate as a functional administrative district. However, these facts point up the practicability of the establishment of the employees of those offices as an appropriate unit for collective bargaining when considered in relation to their geographical juxtaposition to each other and their remoteness to the other employees in the Gulf Coast Division.

■ It is not denied that the broader bargaining unit contended for by respondent would be an appropriate unit. However, neither respondent nor

4. 29 U.S.C.A. § 159(b).

this court has the function to determine whether a more appropriate unit than that certified by the Board would "assure the employees of the fullest freedom in exercising the rights guaranteed" them by the Act. Congress has authorized the Board to make this determination and has vested in it a wide discretion to do so. Such determination is binding upon us unless the Board has abused this discretion [5] or otherwise violated the mandate of the statute. We find no such abuse here and, for reasons hereinbefore stated, reject respondent's contention that the determination of the Board is based *solely* upon the extent to which the employees have organized.

The Board's petition to enforce its order is granted.

Enforcement granted.

5. See N. L. R. B. v. White Const. & Engineering Co., 5 Cir., 204 F.2d 950, 952, and cases cited.