NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

NATIONAL TRUCK RENTAL COM-
PANY, Inc., Respondent.

No. 13239.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 18, 1956.

Decided Oct. 18, 1956.

Petition for Rehearing Denied
Nov. 7, 1956.

Writ of Certiorari Denied Feb. 25, 1957.
See 77 S.Ct. 561.

Wilbur K. Miller, Circuit Judge, dissented.

Miss Fannie M. Boyls, Atty., N. L. R. B., with whom Mr. Marcel Mallet-Pre-

vost, Associate Gen. Counsel, N. L. R. B., was on the brief, for petitioner.

Messrs. Robert F. Skutch, Jr., and Robert L. Weinberg, Baltimore, Md., of the bar of the Court of Appeals of Maryland, pro hac vice, by special leave of Court, with whom Mr. Edward Schoen, Jr., Washington, D. C., was on the brief, for respondent.

Messrs. Benjamin M. Kail and Frank L. Peckham, Washington, D. C., filed a brief on behalf of Jack A. Douglas, and others, as amici curiae, in opposition to the petition for enforcement of the order of the Board.

Before WILBUR K. MILLER, FAHY and BURGER, Circuit Judges.

BURGER, Circuit Judge.

The National Labor Relations Board has petitioned this court, pursuant to § 10(e) of the Labor Management Relations Act,[1] for enforcement of an order directing respondent to bargain collectively with its employees' bargaining representative.

The facts, chronologically, are as follows. The Machinists Union [2] made a demand on respondent for recognition as bargaining agent for respondent's employees, then consisting of about 20 to 30 employees. Respondent's Vice President replied that he would have to consult counsel. After a lapse of six days, the union, pursuant to § 9(c) (1), Labor Management Relations Act,[3] filed with the National Labor Relations Board a petition for certification of bargaining representative, reciting that a prior demand for recognition had been made on November 3, 1953 and was refused by respondent on the same day. The petition differed from the informal demand in that the petition asked for certification of the Machinists Union *and* the Teamsters Union [4] as *joint* bargaining agent for the

1. 61 Stat. 146 (1947), 29 U.S.C.A. § 160 (e).

2. District Lodge No. 67, International Association of Machinists, AFL (Local 1486).

3. 61 Stat. 143 (1947), 29 U.S.C.A. § 159 (c) (1).

4. Local 639, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL.

employees, whereas the latter union had not previously requested recognition. A working agreement between the two unions for joint action to resolve jurisdictional disputes was then in effect.

The Board, after a hearing, ordered an election and included four working foremen in the "appropriate unit" making them eligible to vote. No objection to their inclusion was made by the unions or respondent. The ballot of only one of the four working foremen was actually counted by the Examiner; the union challenged one foreman and the employer challenged two of the foremen. Excluding the challenged ballots, the election resulted in a vote of 13 for the two unions as joint bargaining agent and 15 against.

Both the unions and respondent filed objections to the election, each alleging improper conduct of the other. The Regional Director, stating that he was bound by the Board's inclusion of the working foremen in the appropriate unit, ruled that the challenged ballots should be opened. He overruled respondent's objections to union conduct but recommended that if the Board's resolution of the challenges did not render the unions' objections moot, the election be set aside because of respondent's Vice President's admitted pre-election statements to two of the working foremen, which constituted unprotected threats of reprisal to eligible employees.[5]

On review the Board concluded that it had erred in declaring the four working foremen eligible to vote, since they had supervisory and other duties rendering them ineligible to be part of the unit. The Board, holding that its own error may have caused "possible confusion," amended the unit designation to exclude working foremen, set aside the election and called for another election.

The second of the two elections resulted in designation of the two unions as joint collective bargaining agent, the vote being 12 to 11 after one "no union vote"

was disqualified; the one ballot was voided on the ground that the capital letter "H" placed on the ballot in pencil was an identifying mark which violated the secrecy of the ballot.

Respondent declined to bargain with the unions and on the unions' complaint the Board ordered collective bargaining, but respondent has not complied with that order. The Board now petitions this court to enforce its order. Respondent asserts four reasons as justification for refusing to bargain:

(1) The joint union petition "falsely" alleged that *both* unions had demanded and been refused bargaining rights, and there was no evidence, claimed to be essential to jurisdiction of the Board, that the Teamsters Union had been designated by a substantial number of employees.

(2) Submission to vote of two unions as a joint bargaining agent for all employees is not permitted under the statute.

(3) The Board erred in setting aside the first election, in which the majority voted "no union."

(4) The Board erred in the second election in disqualifying one "no union" ballot on which the voter placed the letter "H," there being seven employees with first or last names beginning with that letter, and in failing to disqualify a "pro-union" ballot which bore a pencil mark.

It is not essential to the Board's jurisdiction to order an election that statements on the certification petition, relating to prior demands for recognition by both unions, be accurate, or that a formal showing be made that the unions have been designated by a substantial number of employees. Rather than being jurisdictional these requirements are merely steps in the screening process by which the Board determines whether the claims of representation, prima facie, warrant the expense and effort

5. The Vice President admitted he had told these two men they would be fired if the union won the election.

of an election. The Board ruled that the inaccurate statements in the petition did not constitute *deliberate* falsification and that any defects were cured at the hearing. Therefore, the Board waived the defects in the petition,[6] and we believe the Board's action was within its powers. As to the showing of substantial employee interest by the petitioning unions prior to the election, there is no reason for permitting litigation of the issue by the parties; the purpose of the requirement is to make Board operations more efficient and compliance with the requirement is a matter solely for administrative determination. Respondent was not prejudiced by the alleged failure to show a substantial interest. National Labor Relations Board v. White Construction & Engineering Co., Inc., 5 Cir., 1953, 204 F.2d 950; National Labor Relations Board v. J. I. Case Co., 9 Cir., 1953, 201 F.2d 597.

While § 9(c) does not specifically authorize two or more unions to file a petition for certification and be voted on as a *joint* collective bargaining agent, this procedure has been followed for many years by the Board.[7] Respondent objects that since the section refers to filing of petitions by a *labor organization* in the singular, Congress intended to exclude joint petitions. However, we agree with the Board that the phrase "labor organization" was used to refer to the *entity* alone and not to limit the number. It is fair to say that when two unions act as a joint bargaining representative they constitute a "labor organization" acting in the employees' behalf and we see no error in submitting to vote the question of a joint collective bargaining agent.

The Board rested its action in calling a new election on "possible confusion" resulting from its own error in permitting the foremen to vote. Our problem is whether it was within the administrative competence of the Board to say the probability that the situation gave rise to confusion warranted the calling of a new election. It was admitted that respondent threatened dismissal of two of the foremen if the union won the election. In a small unit of 20 to 30 employees it is not unreasonable to assume that some of the men were aware of the threats. Conceivably some employees, friendly to the foremen, might have voted against the unions in order to save the foremen's jobs.[8] On the other hand, since they were included in the unit, these supervisors may have taken part in the pre-election campaign and influenced employees in a way they could not have done if they had not been so included. Moreover, some of the employees might have favored a union but not one which included foremen.

These opportunities for "possible coercion" and "confusion" resulted from the Board's erroneous action, and we believe it was not irrational or unreasonable for the Board, dealing with these close questions,[9] to conclude that the first election did not represent a free and fair expression of the employees' views. Certainly the Board is far better able than we to appraise the atmosphere surrounding an election and conclude that the situation justified setting aside the election. As this court said in National Labor Relations Board v. Capital Transit Co., 1955, 95 U.S.App.D.C. 310, 311, note 4, 221 F.2d 864, 866, note 4:

6. For other instances where the Board has waived defects in the petition see Padgett Printing & Lithographing Co., 101 NLRB 144, n. 1; Petco Corp., 98 NLRB 150, 152; Marin County Employers Council, 87 NLRB 296, 297.

7. Long-Bell Lumber Co., 29 NLRB 586, 597; General Motors Corp., 67 NLRB 233, 235 and cases cited; Welding Shipyards Inc., 81 NLRB 936, 944; White Motor Co., 86 NLRB 380, 381; Swift & Co., 114 NLRB 159 and cases cited.

8. It is immaterial whether or not the foremen's jobs were actually in danger as long as the employees thought they were.

9. On a question like this it is of some importance that the prejudice resulting from failure to set aside the election, if in fact votes were affected by the Board's mistake, is much greater than the prejudice resulting from a new election, if in fact there was no confusion or coercion.

" 'The propriety of the Board's determination that the election should be set aside must be considered in the light of the principle that "Congress has entrusted the Board with a wide degree of discretion in establishing the procedure and safeguards necessary to insure the fair and free choice of bargaining representatives by employees." ' National Labor Relations Board v. National Container Corp., 2 Cir., 1954, 211 F.2d 525, 532, quoting from National Labor Relations Board v. A. J. Tower Co., 1946, 329 U.S. 324, 330, 67 S.Ct. 324, 91 L.Ed. 322. See also cases there cited."

▮ In the second election the Board disqualified a "no-union" vote because there was a capital letter "H" on the ballot, but concluded that a mark on a "pro-union" ballot did not disqualify that vote. The mark on the disqualified ballot was clearly a capital letter "H" and the Board's decision rested on the rule that a marking which appears to have been deliberately made and which may serve to identify the voter renders the ballot void.[10] The mark on the other ballot was a faint pencil mark which respondent contends looks like a "B" or a "J." The Board ruled that this mark appeared to have no significance and seemed to be an accidental marking. Both these rulings are supported by evidence and are within the Board's discretion.

▮ Although each of the questions decided by the Board was close, we must conclude that the Board's rulings were supported by substantial evidence and had a reasonable basis in law. The Board's order, therefore, must be enforced.

So ordered.

WILBUR K. MILLER, Circuit Judge, dissents.

[10]. See Greene v. Bjorseth, 1932, 350 Ill. 469, 183 N.E. 464, 472, 475; Kelly v. Brown, 1923, 310 Ill. 319, 141 N.E. 743, 747; Conley v. Hile, 1934, 207 Ind. 488, 193 N.E. 95, 105; Frothingham v. Woodside, 1923, 122 Me. 525, 120 A. 906, 911; Laconia Malleable Iron Co., Inc., 95 NLRB 161; Ebco Manufacturing Co., 88 NLRB 983; Burlington Mills, 56 NLRB 365.