**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ZANES EWALT WAREHOUSE, INC., Zanes Freight Agency, a Partnership, and Merchants Delivery Service, Inc., Respondents.**

No. 24162.

United States Court of Appeals Fifth Circuit.

Nov. 6, 1967.

O. Winston Cameron, Floyd, Cameron, Deen & Prichard, Meridian, Miss., for appellants.

Bessie Margolin, Associate Sol., Dept. of Labor, Charles Donahue, Solicitor of Labor, Robert E. Nagle, Caruthers G. Berger, Attys., U. S. Dept. of Labor, Beverley R. Worrell, Regional Atty., Washington, D. C., for appellee.

Before JONES and GODBOLD, Circuit Judges, and SCOTT, District Judge.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul J. Spielberg, Atty., NLRB, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Leon M. Kestenbaum, Atty., NLRB, Washington, D. C., for petitioner.

Fred O. Weldon, David R. Richards, Dallas, Tex., for Dallas General Drivers, Warehousemen and Helpers, Local Union No. 745.

Hugh M. Smith, Schoolfield & Smith, Dallas, Tex., for respondents.

Before BELL, GODBOLD and DYER, Circuit Judges.

GODBOLD, Circuit Judge:

The National Labor Relations Board petitions for enforcement of its order that Zanes Ewalt Warehouse refused to bargain with Dallas General Drivers, Warehousemen & Helpers, Local Union 745, as duly elected and certified bargaining representative. The Company admits refusal to bargain but challenges certification of the Union on the ground the Board erroneously refused to certify results of an earlier election in which its employees rejected the Union. We find that the order must be enforced.

On April 22, 1965 in a consent election the employees voted 32 to 24 against Union representation. The Union filed six objections alleging, among other things, that the Company had threatened employees, discharged one employee for union membership and activities and made promises of benefits to employees to induce them to vote against representation. The Regional Director recommended that five of the objections be overruled but that the objection charging promises of benefits be sustained. The Director found—and it has not been contested—that on April 16, 1965, six days before the election, employer representatives read identical speeches to three groups of employees, the final sentence of which read:

"Once the union is voted out, we can go back to running our business for a profit and will be in a better position to share our profits with you in terms of wage increases and other benefits."

The Regional Director found this "constituted a promise of benefits conditioned upon rejection of union representation * * * and, as such, interfered with the exercise of a free choice in the election." The Board adopted the findings and recommendations of the Regional Director, set aside the election and ordered that a second election be held. On September 15 the employees voted 35 to 12 in favor of representation by the Union.

The Company refused to bargain, and the Union then filed charges of unfair labor practices. At the Company's request a brief hearing was held at which no testimony was taken and no factual matters developed. The hearing examiner, commenting that "the Board's determinations in the representation case are binding * * * in this proceeding and may not be relitigated absent a showing * * * [of] newly discovered or previously unavailable evidence", found that the Company refused to bargain in violation of section 8(a) (1) and (5) and recommended an order directing the Company to bargain. The Board adopted the findings, conclusions and recommendations of the examiner and now asks this Court to enforce the order.

The Company contends that the Decision and Order of the Board is not based upon substantial evidence on the record considered as a whole and that the order is based upon an arbitrary and capricious ruling on its objections to the first election.

 Considering the speech as a whole, as we must, and that it was delivered in the midst of an election campaign, the Board's conclusion that the final sentence was a promise of economic benefit conditioned on rejection of union representation and that it interfered with full choice in the election is supported by adequate evidence in the record. In so concluding the Board did not act unreasonably, arbitrarily or abuse its discretion. Promises such as made here violate section 8(a) (1) of the Act.

NLRB v. Flomatic Corp., 347 F.2d 74 (2d Cir. 1965); NLRB v. Osbrink, 218 F.2d 341 (9th Cir. 1954); see NLRB v. Exchange Parts Co., 375 U.S. 405, 84 S.Ct. 457, 11 L.Ed.2d 435 (1964); Medo Photo Supply Corp. v. NLRB, 321 U.S. 678, 64 S.Ct. 830, 88 L.Ed. 1007 (1944); NLRB v. Howe Scale Co., 311 F.2d 502 (7th Cir. 1963).

The Company's reliance on NLRB v. Laars Eng'rs, Inc., 332 F.2d 664 (9th Cir. 1964), is misplaced. In that case the literal language of the employer's letter to his employees contained no promise of future benefit, and the court specifically so found. In the present case the language of the last sentence was such that the Board properly could conclude it was a promise that the Company would increase wages and provide other benefits once the Union was defeated.

In this case we need not, and do not, attempt to pick our way through the tangled labyrinth of cases touching on what are standards of review of Board determinations in election cases and whether the standard is the same in reviewing Board findings concerning matters of election procedure and Board findings on substantive issues of misconduct of parties to the election.[1]

The Board's order will be enforced.

1. In NLRB v. Huntsville Mfg. Co., 203 F.2d 430 (5th Cir. 1953), this court articulated a standard of "reasonableness which courts may exact of the board in the exercise of the discretion accorded it in determining 'whether or not the election should be set aside for irregularities in procedure.'" The case involved action of agents of the Board in conduct of election procedure. In Neuhoff Bros., Packers, Inc. v. NLRB, 362 F.2d 611 (5th Cir. 1966), the same standard of reasonableness was applied in reviewing the determination made by the Board as a fact-finder on the issue of substantive propriety of employer conduct. In NLRB v. Houston Chronicle Publishing Co., 300 F.2d 273 (5th Cir. 1962), the court had applied the *Universal Camera* test, Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), to findings of fact made by the Board in evaluating election propaganda, a substantive determination by the Board, but the Court noted that cases cited by the Board seeking to limit review to whether the Board acted arbitrarily or capriciously "in fact support the view we [have taken]." See also in this Circuit, NLRB v. Trinity Steel Co., 214 F.2d 120 (5th Cir. 1954), applying the standard of reasonableness to the Board's fact findings concerning union conduct (and citing *Universal Camera* as authority therefor).

In NLRB v. A. J. Tower Co., 329 U.S. 324, 67 S.Ct. 324, 91 L.Ed. 322 (1946) the Board's procedural rule prohibiting post-election challenges was held valid as not being "without justification in law or in reason."

In other Circuits, see: NLRB v. Moyer & Pratt, Inc., 208 F.2d 624 (2d Cir., 1953), Board findings of fact relating to employee misconduct, majority held Board had not exceeded its discretion, concurring opinion that substantial evidence supported its findings; NLRB v. National Plastic Prods., Inc., 175 F.2d 755 (4th Cir. 1949), where the court said:

"[W]hen, as here, a certification is called in question in connection with a petition to enforce or review an order of the Board under section 10, 29 U.S. C.A. § 160, the certification must be sustained in so far as fact questions are concerned, if the fact findings of the Board made in connection therewith are based upon substantial evidence. In so far as the certification involves the exercise of discretion, that is a matter with which we are powerless to interfere so long as the Board acts within the limits of the law."

NLRB v. National Truck Rental Co., 99 U.S.App.D.C. 259, 239 F.2d 422 (1956), dealt with two elections. The court sustained, under a standard of rationality and reasonableness, a Board determination of the procedural error of its agent in conducting the first election, but as to the second election held a Board ruling as to an improperly marked ballot was supported by evidence and within the Board's discretion, and summed up by saying all findings were supported by substantial evidence and had reasonable basis in law. See also: NLRB v. Shirlington Supermarket, Inc., 224 F.2d 649 (4th Cir. 1955); NLRB v. Harris-Woodson Co., 162 F.2d 97 (4th Cir. 1947); NLRB v. Howell Chevrolet Co., 204 F.2d 79 (9th Cir. 1953); Wilson Athletic Goods Mfg. Co. v. NLRB, 164 F.2d 637 (7th Cir. 1947); General Shoe Corp., 77 NLRB 124.