**MUSICAL ARTS ASSOCIATION,**
Petitioner

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

American Federation of Musicians of the United States and Canada, AFL–CIO, Intervenor.

Nos. 11–1255, 11–1276.

United States Court of Appeals, District of Columbia Circuit.

May 17, 2012.

Frank W. Buck, Mark V. Webber, Esquire, Littler Mendelson, PC, Cleveland, OH, for Petitioner.

Linda Dreeben, Deputy Associate General Counsel, Jill A. Griffin, Greg Paul Lauro, National Labor Relations Board, Washington, DC, for Respondent.

Jeffrey R. Freund, Esquire, Patricia Polach, Bredhoff & Kaiser, PLLC, Washington, DC, for Intervenor.

Before: HENDERSON and TATEL, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This case was considered upon the record from the agency and the briefs of the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The court has afforded full consideration to the issues presented and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the petition for review be denied and the cross-application for enforcement be granted.

The Musical Arts Association operates the Cleveland Orchestra. Its musicians are members of the American Federation of Musicians, an international labor union, and Local No. 4, a subsidiary thereof. The National Labor Relations Board found that the unions—parent and local—are joint collective-bargaining representatives for the musicians. The Board further concluded that the Association violated § 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) & (5), by refusing to recognize or bargain with the Federation. *MUSICAL ARTS ASS'N*, 356 N.L.R.B. No. 166, 2011 WL 2561382, at *30–31 (June 28, 2011).

Contrary to the Association's contentions, two or more unions may serve as joint collective-bargaining representatives for a single unit of employees. *NLRB v. Nat'l Truck Rental Co.*, 239 F.2d 422, 425 (D.C.Cir.1956); *see also* 29 U.S.C. § 159(a). Those representatives can divide—either expressly or in practice—their bargaining duties in order to accommodate local and national interests. *Radio Corp. of Am.*, 135 N.L.R.B. 980, 983 (1962); *see also Reynolds Metal Co.*, 310 N.L.R.B. 995, 999 (1993). If a "workable pattern of bargaining" exists, *Radio Corp.*, 135 N.L.R.B. at 983, an employer may violate § 8(a)(5) "by attempting to deal separately with local[ unions] on matters which are properly the subject of national negotiations," *M & M Transp. Co.*, 239 N.L.R.B. 73, 76 (1978).

The central issue in this case is whether substantial evidence supports the Board's findings that (1) the Federation jointly represents the musicians, and (2) a workable pattern of bargaining exists. In reaching its conclusions, the Board looked to the parties' contracts, their bargaining history, their past interactions, and general industry practices. *See MUSICAL ARTS ASS'N*, 356 N.L.R.B. No. 166, 2011 WL 2561382, at *20–30. A brief review of the record indicates that each of those considerations

strongly supports the Board's conclusions. Since 1982 the Association has bargained with the Federation on matters concerning national media, including audio-visual recordings, distribution of music over the Internet, and the sale of live recordings. In two of the resulting contracts, the Association expressly recognized the Federation as an exclusive bargaining representative. Local No. 4, for its part, embraces the division of bargaining responsibilities. It repeatedly has rebuffed the Association's efforts to negotiate certain media issues, directing all entreaties to its parent union. Union bylaws even call for joint representation, reserving national media negotiations for the Federation. And as recently as 2009, the Executive Director of the Association negotiated such matters with the Federation.

The Association makes much of the fact that its bargaining relationship with the Federation arose in the context of multi-employer bargaining. While participation in multi-employer bargaining is voluntary, withdrawal from such arrangements does not affect the presumption of majority status that attaches to unions recognized therein. *Holiday Hotel & Casino*, 228 N.L.R.B. 926, 928 (1977). The Association also contends that it did not waive its right to negotiate with a single bargaining representative. The claim is as factually dubious as it is irrelevant. The waiver principle that the Association attempts to invoke allows "*a union* [to] waive a member's statutorily protected rights," so long as the waiver is clear and unmistakable. *Metro. Edison Co. v. NLRB*, 460 U.S. 693, 705, 708, 103 S.Ct. 1467, 75 L.Ed.2d 387 (1983) (emphasis added); *see also Plumbers & Pipefitters Local Union No. 520 v. NLRB*, 955 F.2d 744, 751 (D.C.Cir.1992). Section 9(a), moreover, protects the musicians' right to choose their bargaining *representatives;* the Association fails to explain how it could possibly restrict that right via a waiver doctrine. *See* 29 U.S.C. § 159(a).

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.